**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**


FREDDIE JEFFREY, MICHAEL H. HUNT,
DAVID WATSON, and ELLIOTT WALDEN,

      Plaintiffs

-vs-                                         Case No.  8:05-cv-609-T-27EAJ

STATE OF FLORIDA and
WAYNE TIMMERMAN,

      Defendants.

_____/

**<u>ORDER</u>**


     Plaintiffs, pretrial detainees[1] being held in the Hillsborough County Jail (hereinafter

"HCJ"), Tampa, Florida, initiated this action by filing a civil complaint, which has been

construed as a claim brought pursuant to 42 U.S.C. § 1983 (Dkt. 1).  Plaintiff Jeffrey filed

an Affidavit of Insolvency/Motion to Proceed In Forma Pauperis (Dkt. 2).  Plaintiffs allege

that they are the victims of "malicious prosecution."  *Id*.  Their complaint is titled "Class

Action Civil Suit."

---

     [1]The Court takes judicial notice of information available on the Arrest Inquiry database maintained by the Hillsborough County Sheriff's Office, http://www.hcso.tampa.fl.us/, viewed on April 26, 2005, which provides arrest and booking information.  *See* Fed. R. Evid. 201.  The information is not relied upon to determine Plaintiffs' criminal records, but rather to confirm information provided in the complaint.  Plaintiff Freddie Jeffrey was arrested on June 10, 2004, on charges of, *inter alia*, drug possession (2 counts), armed burglary, obstruction of an officer, tampering with a witness, aggravated battery, child neglect, fleeing, and grand theft of a motor vehicle, and is being held in the HCJ awaiting the final disposition of the charges, Booking #04036716. Plaintiff Michael H. Hunt was arrested on March 23, 2005, and is being held in the HCJ awaiting trial on charges of sexual battery with slight force and unlawful sexual activity with a minor, Booking #05019174. Plaintiff David Boyd Watson was arrested on February 18, 2005, and is being held in the HCJ awaiting trial on drug-related charges (9 counts), Booking #05012762. Plaintiff Elliott Walden was arrested on March 1, 2005, and is being held in the HCJ awaiting trial on four drug-related charges and three lewd and lascivious charges, Booking #0514271.

Plaintiffs name as Defendants the State of Florida and The Honorable Wayne Timmerman, Thirteenth Judicial Circuit Court, Hillsborough County, Florida. According to Plaintiffs, the alleged civil rights violations about which they complain took place between November 2004 and March 2005. *Id.* Because Plaintiff Jeffrey requests leave to proceed *in forma pauperis* in a suit seeking redress against a governmental entity, this Court has undertaken the mandatory screening of the complaint under 28 U.S.C. § 1915A. The Court finds, for reasons set forth *infra*, that the complaint should be dismissed prior to service of process pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Prison Litigation Reform Act of 1995, Title VIII, Section 803(d), Suits by Prisoners (hereinafter "PLRA"), which significantly altered the processing of *in forma pauperis* and prisoner litigation, applies in the present case because Plaintiffs filed their complaint after the PLRA's effective date of April 26, 1996. *See Booth v. C.O. Churner*, 532 U.S. 731, 736 (2001)*; Harper v. Jenkin,* 179 F.3d 1311, 1312 (11th Cir. 1999); *Alexander v. Hawk*, 159 F.3d 1321, 1324 (11th Cir. 1998).

In their complaint, Plaintiffs assert that the Defendants engaged in conduct which violated their rights under the First, Second, Third, Fourth, Fifth, Twelfth, and Fourteenth Amendments "entitling them to due process of law, in accordance with the United States of America Constitution." *Id*. In support of their claim, Plaintiffs allege that:

    A.   Between the months of November 2004 and March 2005, Wayne Timmerman has admitted to Deputy Timothy Devesta that he, Wayne Timmerman, is a "redneck against minorities."

    B.   Wayne Timmerman has refused to ascertain whether or not conflicts existed with appointed counsel to assure fair trials of minorities.

    C.   Wayne Timmerman has stacked the deck with his chief prosecutor, Mike Senacore and the assistant state attorneys [sic]; using dual

attornies [sic] against the petitioners without appointing double defense attornies [sic].

D.  Wayne Timmerman has been overheard by deputies as as [sic] referring to whites as "good ones," and to blacks as "smutts."

Dkt. 1 (unnumbered).

In identifying the rights they seek to assert, Plaintiffs make only the broad statement that Defendants violated their right to "due process of law."  This statement leaves considerable territory open for consideration, and Plaintiffs have not attempted to narrow it.

Defendant Timmerman is the state court judge presiding over Plaintiffs' criminal cases,[2] and the allegations against him arise from these proceedings.  Judges are absolutely immune from civil liability under 42 U.S.C. § 1983 for any acts performed in their judicial capacity, provided such acts are not done in clear absence of all jurisdiction. *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996).  Thus, to the extent that Plaintiffs challenge actions taken by Defendant Timmerman while conducting their judicial proceedings, he is immune from suit in performing these judicial responsibilities.  *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (citations omitted), *cert. denied*, 503 U.S. 921 (1992).

---

[2]The Court takes judical notice of information available on the Court Progress Dockets Search, the internet database maintained by the Clerk of the Court, Thirteenth Judicial Circuit, Hillsborough County, Florida, http://www.hillsclerk.com/.  *See* Fed. R. Evid. 201. During the past year, Plaintiff Jeffrey has had four cases on Judge Timmerman's docket.  *See State v. Jeffrey*, Case No. 04-CF-011076 (Fla. 13th Jud. Cir. 2005); *State v. Jeffrey*, Case No. 04-CF-009137 (Fla. 13th Jud. Cir. 2005); *State v. Jeffrey*, Case No. 04-CF-011070 (Fla. 13th Jud. Cir. 2004); and *State v. Jeffrey*, Case No. 04-CF-011120 (Fla. 13th Jud. Cir. 2004). Plaintiff Hunt has a case currently set for jury trial before Judge Timmerman.  *See State v. Hunt*, Case No. 02-CV-014756 (Fla. 13th Jud. Cir. Ct.).   Plaintiff Watson has two cases pending before Judge Timmerman. *See State v. Watson*, Case No. 04-CF-023497 (Fla. 13th Jud. Cir. Ct.); *State v. Watson*, Case No. 04-CF-023502 (Fla. 13th Jud. Cir. Ct.).  Plaintiff Walden has two cases currently set for jury trials before Judge Timmerman.  *See State v. Walden*, Case No. 05-CF-004196 (Fla. 13th Jud. Cir. Ct.); *State v. Walden*, Case No. 03-CF-016502 (Fla. 13th Jud. Cir. Ct.).

Assuming, as it must for this review, that Defendant Timmerman made the statements attributed to him by Plaintiffs, the complaint still fails.  When a judge steps outside the confines of the judicial setting, the checks and safeguards inherent in the judicial process do not accompany him.  Even when Defendant Timmerman stands without the cloak of judicial immunity, however, Plaintiff's assertions that he stated to a third party that he is "a redneck against minorities" and was overheard referring "to whites as 'good ones,' and to blacks as 'smutts'," standing alone, fail to provide a basis for a viable § 1983 claim.  Nothing in the complaint indicates that these hearsay statements attributed to Defendant Timmerman were made in reference to any of the Plaintiffs or that he carried out his judicial duties in a discriminatory manner.

"In civil rights and conspiracy actions, courts have recognized that more than mere conclusory notice pleading is required ... a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) (citations omitted). A civil rights complaint must allege the relevant facts "with some specificity." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (citing *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1367 (11th Cir. 1998)). The absence of factual allegations that Defendant Timmerman acted outside the scope of his judicial capacity or lacked jurisdiction in Plaintiffs' cases preclude their claims based upon his rulings or in-court comments, and without a showing that his out-of-court statements somehow resulted in a deprivation of their constitutional right to a fair trial, Plaintiffs' action against Defendant Timmerman fails.

Plaintiffs' claim against the State of Florida is likewise fatally flawed.  The Eleventh Amendment provides that: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United

States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.  "The Amendment not only bars suits against a state by citizens of another state, but also applies equally to suits against a state initiated by that state's own citizens."  *Summit Medical Associates, P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999), *cert. denied*, 529 U.S. 1012 (2000).

While the text of the amendment does not explicitly so provide, the Supreme Court has held that the Eleventh Amendment serves as a jurisdictional bar to a suit against a state in federal court unless: (1) the state has explicitly consented to suit, thus waiving its sovereign immunity; or (2) Congress has specifically abrogated a state's Eleventh Amendment immunity. *Seminole Tribe of Florida v. Florida*, 517 U.S. 609 (1996).  In *Zatler v. Wainwright*, the Eleventh Circuit found that Congress did not intend to abrogate a state's Eleventh Amendment immunity in §1983 damage suits, and Florida has not waived its sovereign immunity in such suits.  802 F.2d 397, 400 (11th Cir. 1986) (finding that the Secretary of Florida Department of Corrections was immune from suit in his official capacity where the § 1983 complaint alleged that prison officials failed to protect  prisoner from sexual assault) (citing *Gamble v. Fla. Dept. of Health and Rehab. Servs*., 779 F.2d 1509, 1513-20 (11th Cir. 1986) (dismissing § 1983 complaint for lack of jurisdiction upon finding that Florida has not waived its Eleventh Amendment sovereign immunity)).

Pleadings drafted by laymen are to be interpreted by application of less rigid standards than those applied to formal documents prepared by lawyers. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  A plaintiff is not required to prove his claim in his complaint, but he must allege sufficient facts in the complaint which, when viewed in the light most favorable to him, support the conclusion that he may be able to establish that he is entitled to the relief he seeks under § 1983.   "[E]ven in the case of *pro*

*se* litigants . . . leniency does not give a court license to serve as *de facto* counsel for a party, . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). *See also Pontier v. City of Clearwater, Fla.*, 881 F.Supp. 1565, 1568 (M.D.Fla. 1995). Neither amendment nor discovery will cure the deficiency in the complaint. The Court cannot proceed with a cause of action under § 1983 where the only named Defendants are immune from liability.

### Conclusion

For the reasons set forth *supra*, Plaintiffs' complaint will be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and 42 U.S.C. § 1997A(b)(1) for failure to state a claim upon which relief can be granted.

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiffs' complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A for failure to state a claim for which relief can be granted (Dkt. 1).

2. Plaintiff Jeffrey's request to proceed *in forma pauperis* is **DENIED** (Dkt. 2).

3. The **Clerk** of Court is directed to enter judgment against Plaintiffs, terminate any pending motions, and close this case.

**DONE AND ORDERED** this 6th day of May, 2005.

/s/ James D. Whittemore
**JAMES D. WHITTEMORE**
**United States District Judge**

SA: jsh
Copy to:    Plaintiffs *Pro Se*